CASE 34—PETITION EQUITY—APRIL 23.

# Richie, County Judge v. Peiper's Ex'x.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

1. COUNTY COURTS—TERMS.—It was the purpose and intent of the act relating to courts of justice, approved June 10, 1893, to make the terms of county courts throughout the State uniform, so far as to require that they shall be monthly; and that act had the effect to repeal an act of February 25, 1854, to establish a county court for Jefferson county, in which it was provided that a county court for that county should be held "on the first Monday in every second month;" and it also had the effect to fix the first Monday in the month as the beginning of each regular monthly term of the Jefferson County Court, as that day was fixed as the beginning of the bi-monthly terms in the act of February 25, 1854.

2. ADJOURNMENT OF COUNTY COURT.—The Jefferson County Court has the authority, under the statute, to consider and act upon any

Richie, County Judge v. Peiper's Ex'x.

matter within its jurisdiction and properly before the court, upon any juridical day of any monthly term of the court; and the court may be kept open for the transaction of any such business by adjourning from day to day during the term and up to the final adjournment for the term, subject only to the exceptions contained in the statute relating to the business of special terms of the court.

CHAS. M. LINDSAY FOR APPELLANT.

1. The act of June 10, 1893, repeals the provisions of the act of February 25, 1854, regulating the practice of the Jefferson County Court.
2. Until changed by law or by an order of court, as provided by law, the Jefferson County Court must hold one term in each month, and that term must begin on the first Monday of the month.

CHAS. G. RICHIE ON SAME SIDE.

(No brief in the record.)

ALFRED SELLIGMAN FOR APPELLEE.

1. Act of the legislature of 1854, supplemented by act of June, 1893, fixes by operation of law the first Monday of every month as the first day of the term of the county court for each month, and no special order of the judge to that effect is required. (Act of General Assembly Ky., 1854; Kentucky Statutes, sec. 1058.)
2. The regular term of the county courts, unless sooner adjourned for the term, continues from the first day of the term until the first day of the succeeding term and any act which the county court can lawfully do on the first day of such a term, it can do on any day of a regular term.
3. All the calendar days of a term of the county court constitute one judicial day, and all acts relate back as if done on the first Monday of the term.

JUDGE LANDES DELIVERED THE OPINION OF THE COURT.

The questions presented on this appeal are, *first*, what is a regular term of the Jefferson County Court? *second*, what constitutes the first day of such a term? and, *third*, has the county court the power to probate wills on any day other than the first day of a regualr term? These questions

were raised in a friendly proceeding in the law and equity division of the Jefferson Circuit Court in the name of the appellee against the appellant, Charles G. Richie, judge of the Jefferson County Court, in which it was sought by the judgment of the lower court to compel and require the appellant by the proper writ to proceed and to determine the matter of the probate of the last will of William Peiper, deceased, late of said county, which had been propounded by the appellee in said court on Tuesday, the 7th day of April, 1896, but which the court, although sitting, declined to admit to probate on that day, notwithstanding the fact that the appellee was present in court and had her witness present to establish the will. The court convened regularly on Monday, the 6th day of April, 1896, the appellant, who was the regular judge of the court, sitting as such, and at the close of the business on that day, by an order duly and regularly made, the holding of the court was adjourned until the next day, when the court again convened and was opened for business pursuant to the order of adjournment. It was on that day, while the court was open for business, the appellant sitting as the regular judge, that the will was offered for probate by the appellee.

It appears that the paper offered for probate as the last will of William Peiper, deceased, had been signed and published by him in the presence of Otto C. Minor and Henry Wolks, subscribing witnesses thereto, and that when the paper was offered for probate as stated, on Tuesday, April 7, 1896, Minor was present and was sworn as a witness, and testified as to the execution of the will, and also proved the attestation of Henry Wolks, the other subscribing witness; nevertheless the court refused either to probate or reject the paper, and refused to enter any order in the matter because

the paper was not produced and propounded on Monday, the 6th day of the month.  These facts were all properly set up in detail in the petition, to which the appellee filed a general demurrer, and which the court overruled, and thereupon a judgment was entered in substance ordering the appellant to proceed in the matter of the probate of the will in question, and to hear evidence for and against it and to hear and determine the question whether or not the paper offered as such was or was not the last will of William Peiper, deceased.   From that judgment this appeal is prosecuted.

By an act of the General Assembly, approved February 25, 1854, entitled "An act to establish a levy and county court for Jefferson county" (2 Stanton's Revised Statutes, edition 1860, 523), it was provided (section 4) that a county court for said county should be held "on the first Monday in every second month in the year, beginning with the first Monday in April, 1854."

It was also provided (section 10) that the regular terms of said court should begin "on the first Monday in April and every second month thereafter, and end the Saturday next preceding the first Monday of every second month," and also that the judge of the court might hold the court "*at any time* to transact its ordinary business."

It appears that this act of February 25, 1854, continued in force, without amendment affecting the terms of the court, until the passage of the act entitled "An act relating to courts of justice," approved June 10, 1893, which, among other things, regulates the jurisdiction and terms of the county courts established under the present Constitution.

Section 38 of the last-named act (Kentucky Statutes, section 1058) is as follows:

"Section 38. There shall be a regular term of the county court held by the county judge *in each county once every month* on Monday, and, until changed as herein provided, shall be held *on the same day it now is.* The time of holding the county court in any county may be changed by an order made by the county judge and entered upon the records of the county court at the last regular term held in the year next preceding the year in which the change is to be made. Special terms of the county court may be held at any time for the transaction of any business, except probating of a will or granting tavern, liquor or druggist license, and the court may adjourn from time to time until the business is disposed of, but no adjournment shall be to a time beyond the commencement of the next regular term."

It will be observed that this section of the statute provides for both *regular* and *special* terms of the county court, established by the Constitution, *in each county* of the Commonwealth. It also provides a method for changing the time of holding the court (that is, the beginning of the term of the court in each county), excludes certain matters that are within the jurisdiction of the court from being considered and acted on at special terms, and authorizes the adjournment of a court from time to time within the period allowed for any regular term until the business is disposed of. It fixes no juridical days during the term, except the first, which must be Monday, and assigns no kind of business to any particular day, but leaves it to the judge by empowering him " to adjourn from time to time until the business is disposed of;" to sit on as many juridical days, during any one term, as the business of the court and the public interest may require, and to regulate the order of the business. Manifestly, it was the purpose and intent of this

enactment to make the terms of the county court throughout the State uniform, so far as to require that they shall be monthly, and the effect of it was to abrogate or repeal the act of February 25, 1854, which, by virtue of the first clause of the schedule of the Constitution, was continued in force "until altered or repealed by the General Assembly." It had the further effect to fix the *first Monday* of the month as the beginning of each regular monthly term of the Jefferson County Court since that Monday in the month was the beginning of each bi-monthly term as provided in the act of February 25, 1854.

It follows from the foregoing construction of the section of the act which we have quoted at large that the county court of Jefferson county has authority under the statute to consider and act upon any matter within its jurisdiction and properly brought before the court upon any juridical day of any monthly term of the court, and that the court may be kept open for the transaction of any business within its jurisdiction by adjourning from one day of any term to any other day during the same term, and up to the final adjournment for the term, subject only to the exceptions contained in the section relating to the business of special terms of the court. Hence the fact that the will of William Peiper was not produced and offered for probate before the court on the first Monday in April, 1896, which, under the statute, was the first day of the April term of the court, was no sufficient ground or reason for not proceeding with the probate of the instrument.

This disposes of all the questions properly before us on the record of the case, and, finding no error in the judgment appealed from, it is affirmed.