## Cassady v. Jewell et al.

(Decided May 18, 1937.)

644

J. B. CLARK and J. H. PREECE for appellant.

J. L. HARRINGTON for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

Both special and general demurrers were sustained to the petition contesting a local option election in Martin county held on September 15, 1936. The plaintiff suffered the dismissal of his petition and prosecutes an appeal.

The special demurrer was based upon "default of party defendants" evidently meaning "defect of parties defendant." The members of the county election commission were made the defendants or contestees, which is in accordance with the provisions of section 2554c-13. The conception of defect of parties is that, since the acts and omissions of the county judge, clerk, sheriff, and other officers were brought in question and charged to have invalidated the election, each of those officers was a necessary party to the contest. The statute prescribes who shall be contestees, with the privilege of others to intervene and become such. Officers or others whose acts may have affected the validity of the election are not necessary parties. The special demurrer, therefore, should have been overruled instead of sustained.

We are of the opinion also that the general demurrer was improperly sustained. The petition contains a number of allegations, some of which presented, in sufficient form, acts and conditions which, if proven, would invalidate the election. Others are but conclusions, and still others do not state legal grounds of contest. According to the sufficient and substantial allegations,

there were at least two fatal irregularities in calling and advertising the election.

The Statutes, section 2554c-5, provides that it shall be the duty of the county clerk, within five days after the county court shall have ordered the election, to give to the sheriff a certified copy of the order. Then it is made the duty of the sheriff to have same published in a newspaper of the county "for at least two weeks before the election" and also to advertise the calling of the election by handbills posted at not fewer than five conspicuous places in each precinct for the same length of time. Two weeks means fourteen consecutive days. Jenkins v. City of Bowling Green, 251 Ky. 119, 64 S. W. (2d) 457. It is alleged in the petition that the copy of the order was not delivered to the sheriff until about noon on September 2d, or thirteen days before the day of the election, and, therefore, that the election is void. The county clerk failed to discharge the duty placed upon him by the statute if this be true. While the five days' time stipulated may be regarded only as directory, Rodgers v. Campbell, 267 Ky. 261, 101 S. W. (2d) 937, it is the duty of the clerk to furnish a copy of the order within such time as to afford the sheriff a reasonable opportunity to discharge his duties relating to publishing and posting of the notice. If the clerk or sheriff fails to perform his official duty, he is of course amenable to the law. However, the essential thing is that the sheriff shall advertise the election and post the notices as required. Lancaster v. Hamon, 153 Ky. 686, 156 S. W. 142. If he does that, the failure of the clerk cannot be deemed fatal to the validity of the election.

The petition goes further and explicitly alleges that in five named precincts of the county no notices at all were posted. A failure to give official notice of a special election such as this, at least in substantial compliance with the statute, is such an omission in procedure as to require the setting aside of the election. Billington v. Moore, 168 Ky. 22, 181 S. W. 651; Lancaster v. Hamon, supra; Gollar v. City of Louisville, 187 Ky. 448, 219 S. W. 421; Katterjohn v. Kelly, 191 Ky. 238, 230 S. W. 50; Pendley v. Butler County Fiscal Court, 229 Ky. 45, 16 S. W. (2d) 500; Douthitt v. Board of Trustees of New Castle, 239 Ky. 751, 40 S. W. (2d) 335. We are of opinion that an entire failure to post such notices in five precincts of a county must be regarded as a

fatal omission, hence that this paragraph of the petition stated a ground of contest.

It is alleged that the notices which were posted showed the election was called pursuant to the order of the fiscal court of the county. It is the county court —an entirely different body—which should make, and here did make, the order calling the election. One of the notices is filed as an exhibit. It is typewritten and states that the election would be held pursuant to the order of the Martin fiscal court, but the word "fiscal" is marked out by a pen and "county" written above it. The exhibit therefore contradicts the pleading and it must prevail. This allegation was therefore demurrable.

It is pleaded that the order of the county court calling the election did not conform to the statute in that it did not contain the form of the question submitting the proposition. The Statutes, section 2554c-2, requires only that the order shall direct that an election be held within the territory for the purpose of taking the sense of the legal voters therein upon "the proposition whether or not spirituous, vinous or malt liquors shall be sold, bartered or loaned therein." The form in which the question should be or may be printed on the ballot is given in section 2554c-6, but it is not necessary that it should be stated in the order calling the election. Hessler v. Garner, County Judge, 266 Ky. 507, 99 S. W. (2d) 461. The order of the court, an attested copy of which is filed as an exhibit, is in proper form. But the inclusion in the order as to the proposition that it "shall apply to druggists" was surplusage. Unlike the former local option law, the present one contains no right to an alternative submission, for druggists are not excepted from its terms. This allegation of the petition was therefore not good on demurrer.

It is alleged that the order calling the election was entered at a special term of the Martin county court. The exhibit shows the election to have been ordered on the second day of a special August term, which was August 10, 1936. If that be true,—which was conceded for the purpose of the demurrer—then the election was void. The Statutes, section 2554c-2, explicitly and in plain language places the duty upon the county judge to make the order calling the election on the order book at or during a regular term of the county court. The present local option statute is different in this respect from the

former one, in that the application for the election may be filed at any time with the clerk of the county court instead of being filed during a term of the county court. If a regular term of the court is in session when the petition is filed with the county clerk, the order calling the election may be made on that day, or during that term, or at the next regular term of the court. See section 1058, Statutes; Richie v. Peiper's Ex'x, 99 Ky. 194, 35 S. W. 279, 18 Ky. Law Rep. 87; Howard v. Farmer, Sheriff, 268 Ky. 303, S. W. (2d). The calling of a local option election at a special term is not authorized. In Hardigree v. White, Sheriff, 266 Ky. 648, 99 S. W. (2d) 785, it was held mandatory that the order be made during a regular term, but that the actual entering of the order at a later date than that on which it was made or the matter adjudged would not be fatal provided it was entered before the election in time to amount to a substantial compliance with the statute. It is clearly contemplated by the statute, however, that the order should be entered and signed without delay so that the machinery of advertising and holding the election may be promptly set in motion without affording any ground for quibble or excuse.

Another ground of contest alleged is that the fiscal court was without authority to provide funds for the expense of the election as was done by an order entered September 4th, as the county budget had been adopted without such provision being made in it. Section 2554c-7, Statutes, provides that local option elections shall be held in accordance with the provisions of the general election laws of the state and that the cost thereof shall be borne by the county and allowed by the fiscal court and paid in the same manner as costs and expenses of general elections. Such elections are provided for by the Constitution (section 61). Their cost must be regarded as a necessary governmental expense, hence it becomes the duty of the county to provide the necessary funds to meet that expense. McCrocklin v. Nelson County Fiscal Court, 174 Ky. 308, 192 S. W. 494; Livingston County v. Crossland, 229 Ky. 733, 17 S. W. (2d) 1018; Russell County Fiscal Court v. Russell County, 246 Ky. 529, 55 S. W. (2d) 337; Breathitt County v. Cockrell, 250 Ky. 743, 63 S. W. (2d) 920, 92 A. L. R. 626. Demurrer to this ground of contest was properly sustained.

The sufficiency of the petition or application for the election is alleged to be improper because of the omission of the post office addresses and the dates of signing. Such omissions do not afford a ground of contest as the statute in respect thereof is directory. Skaggs v. Fyffe, County Judge, 266 Ky. 337, 98 S. W. (2d) 884.

It is pleaded that the general registration law had become effective May 18, 1936, and it is alleged that none of the signers of the petition for an election were registered voters at the time they signed the petition. The Registration Act provided for the general registration on the first Saturday in August, which was August 1, 1936, and the petition had been signed by nearly all of the voters during July, and perhaps was filed before that date. But as was held in City of Covington v. Miller, 266 Ky. 198, 98 S. W. (2d) 293, the term "voters" means all persons who possess the constitutional qualifications and not only those who possess the additional qualification of registration; hence that a petition for a referendum of a city ordinance required to be signed by voters could include those not registered. It was, therefore, not required that the petitioners should have been registered.

It is alleged the petition for the election was signed by a number of nonresidents and that some of the names appeared to be in the same handwriting. These and other criticisms of the form of the petition are too indefinite and general and are but conclusions of the pleader or otherwise insufficient to withstand the demurrer. The allegations, respecting the omission of the county clerk, in respect to furnishing a list of the registered voters and as to the voting by improperly registered voters, seem likewise defective.

The judgment is reversed, and the case remanded for consistent proceedings.