## Wolfe County Liquor Dispensary Ass'n v. Ingram, County Judge, et al.

## Buchanan v. Stamper, Sheriff, et al.

(Decided Feb. 8, 1938.)

LEEBERN ALLEN for appellants.

H. H. RAMEY and E. R. COOPER for appellees.

OPINION OF THE COURT BY JUDGE BAIRD—Reversing.

These two appeals by agreement are consolidated and are to be considered together.

The action of the Wolfe County Liquor Dispensary Association, etc., v. J. B. Ingram, County Judge, et al., was instituted for one purpose alone. That was to obtain an injunction enjoining the holding of the local option election in Wolfe county, Ky., called for May 4, 1937. The temporary restraining order sought was refused by the judge of the court. The appeal is from that order, which is in the following language:

> "The plaintiffs having filed a petition asking for temporary restraining order, * * * and produced in court the affidavits filed herein, and the court after reading the record in this case denies the plaintiffs a temporary restraining order.

> "* * * to the ruling of the court in denying them a restraining order, enjoining and restraining the defendants and each of them from holding an election called for the 4th day of May, 1937, the plaintiffs object and except and pray an appeal to the Court of Appeals which is granted."

This order is not final. This court will review only such orders and judgment of the trial court that are final. Denham v. Town of Wallins, 234 Ky. 626, 28 S.

W. (2d) 965; Happy Coal Co. v. Brashear, 263 Ky. 257, 92 S. W. (2d) 23, and citations referred to in the Denham Case, supra.

Aside from that, the question involved in the case is now moot. The local option election was held in Wolfe county on the 4th day of May, 1937, resulting in 1,472 votes being cast in favor of local option, and 142 against it. The vote in favor of local option was decisive and overwhelming.

Soon after the result was certified, as authorized by law, appellant, Roy Buchanan, filed his petition contesting the election. On final hearing his petition was dismissed. He appeals.

He predicates his right of reversal on the following grounds, insisting that on either of those grounds the judgment of the court should be reversed:

"1. Because the trial judge refused to vacate the bench.

"2. Because the election was not properly advertised.

"3. Because the ballots used in the election were not properly prepared."

Having reached the conclusion that the case will have to be reversed, because the election was not properly advertised, there is no cause to consider either of the other grounds.

The facts pertaining to the pivotal point in the case are as follows:

"It is admitted that in the month of March 1937, more than two weeks before the 4th day of May, 1937, the defendant, F. J. Stamper, as sheriff of said county, duly advertised the holding of the local option election on May 4th, 1937, by written and printed handbills posted at not less than five conspicuous places in each precinct in Wolfe County, as required by section 2554c-5, Baldwin's Edition of 1936, Carroll's Kentucky Statutes, but that said sheriff did not publish a copy of said order in any newspaper published in Wolfe County, as said section requires."

The law controlling the holding of a local option

election as to the proper publication of the order calling it is direct, clear, and mandatory. There is nothing indefinite, uncertain, or obscure.

Section 2554c-5 of the Statute provides in part:

"Within five days after said order of the county court calling an election is made, it shall be the duty of the county clerk to give to the sheriff of the county a certified copy of the same. It shall then be the duty of the said sheriff to have same published in some weekly or daily newspaper published in the county for at least two weeks before the election, and also to advertise same by written or printed handbills posted at not less than five conspicuous places in each precinct of the county for the same length of time when the election is held for the entire county. * * * In case there is no daily or weekly newspaper published in the county, or the proprietor of such newspaper refuses to publish said advertisement, the printed or written handbills posted as herein provided for shall be sufficient. * * *"

It is stipulated that the election was advertised, as the law directs, before May 4, 1937, the day set apart by the order of court for that purpose at five conspicuous places in each of the voting precincts, as provided by the above section of the statute; and that no publication was made by the sheriff of the certified copy of the order of the county court in any newspaper in Wolfe county, as the election law required. Where a statute is plain, direct, and commanding, as this statute, can it be ignored, without invalidating the election?

Appellants claim that the law as to the publication of the certified order in a newspaper in Wolfe county, at least two weeks before May 4th, was omitted, (1) not because a weekly newspaper was not published in the county at least two weeks before the date set for the election, but (2) rest their case upon the contention that the newspaper so published in the county was not printed in Wolfe county; and for the further reason that, out of 8,400 inhabitants, there were only about 400 subscribers. For that cause, there was no newspaper published in the county that complied with that section

of the statute. And further claimed that, if there was such a nswepaper, that on the 15th, 22d, and 29th day of April, just before the election was held, they caused to be published in the Wolfe County Herald, a newspaper circulated in the county, a facsimile of the ballot to be voted and other statements calling the attention of the voters in the county that an election was called on that day, and certain businessmen and interested citizens traveled over the county from precinct to precinct with loudspeakers and called the attention of the voters to the time fixed for the election; that such notice, in substance, was a substantial compliance with the statute. It is insisted that the object of having published the certified order of the court in a newspaper published in the county for two weeks or fourteen days before the day set apart for the voting was to give notice of the election.

It may be conceded that publication of the certified order is the primary purpose of giving the notice, but the point for adjudication is overlooked. The statute requires that the sheriff of the county shall have the order of the county court calling the election published in a weekly or daily newspaper in Wolfe county, which was not done. It is also insisted that the publication in a newspaper meant one printed, or owned and printed, in Wolfe county. The place where the printing is done or where the owner resides does not enter into the question. It is further stipulated that on February 4, 1937, the Wolfe County Herald, a weekly paper, was published in the county for the first time; that it had only 400 subscribers out of a population of 8,400, and was not made the official organ of the county until the April term of the Wolfe circuit court, 1937. The number of subscribers, or the time when it was made the official organ of the county, does not enter into the question. The statute mandatorily provides that the sheriff shall cause to be published in a weekly or daily newspaper published in Wolfe county this certified order of the court, at least two weeks or fourteen days before the time fixed for the election. Lancaster v. Hamon, 153 Ky. 686, 156 S. W. 142; Billington v. Moore, 168 Ky. 22, 181 S. W. 651; Gollar v. City of Louisville, 187 Ky. 448, 219 S. W. 421; Katterjohn v. Kelly, 191 Ky. 238, 230 S. W. 50; Pendley v. Butler

County Fiscal Court, 229 Ky. 45, 16 S. W. (2d) 500; Douthitt v. Board of Trustees of Newcastle, 239 Ky. 751, 40 S. W. (2d) 335; Cassady v. Jewell et al., 268 Ky. 643, 105 S. W. (2d) 810; Terrill et al. v. Taylor et al., 271 Ky. 475, 112 S. W. (2d) 658. This was not done. No other publication, except as the statute provides, meets the requirement of the law. A failure of the sheriff to follow the plain mandate of the statute violates the law, as well as ignores the mandatory provision of the statute. This court has no authority to set aside, add to, or hold for naught, a plain statute.

It is claimed that a proper construction of the statute is that the word "publish," as used therein, means "that the paper must be printed and published within the county"; and the Wolfe County Herald was printed by a man by the name of Bryant in the city of Lexington, Fayette county, and sent by express to Campton, Wolfe county, and from there mailed to the subscribers; that, in substance, meant that there was no paper published in the county; that the advertisement otherwise made complied with the statute. Should such a contention be approved by this court, it would virtually be an effort to legislate rather than construe the statute. The word "publish" cannot be construed to mean "print." By reference to Webster's New International Dictionary, the definition of "publish" is, in part, as follows:

"To promulgate or proclaim, as a law or an edict. To make public in a newspaper, book, circular, or the like."

The words "print" and "publish" are often confused. A book may be printed without being published. It is published only when it is offered for sale or put in general circulation. 51 C. J. 88.

In one sense a paper is published in every place where it is circulated or its contents made known, but it is not in that general sense that the place of publication is used in this statute. (1) This statute requires that the certified copy of the court's order shall be published for two weeks before the date of the election, and that means fourteen days and not less than that time; and (2) that the certified order must be published in a weekly or daily newspaper published in the county for

at least two weeks before the election. As that was not done, it being admitted that, after February 4, 1937, the Wolfe County Herald was published weekly in the county until the election, this provision being mandatory, as this court has so often held, we cannot escape the conclusion that such failure invalidated the election.

Wherefore, the judgment is reversed, with directions to set the election aside and for further proceedings consistent with this opinion.

Whole court sitting.