## Hall v. Sturgill et al.

June 10, 1947.

Rehearing denied October 24. 1947.

Edward P. Hill, Jr., Judge.

J. W. McKenzie and Edward L. Allen for appellant.

Joe Hobson for appellees.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

On July 30, 1946, a petition requesting that a local

option election be held in Floyd County was filed with the clerk of the county court. The clerk certified the filing of this petition, but the court was in vacation and no order was entered thereon until August 26, 1946, which was the first day of the next regular term of court. This order directed that the election be held on September 30, 1946. Pursuant to KRS 242.040 a copy of the order was published in a newspaper at least two weeks prior to the date set for the election.

The testimony is conflicting as to the posting of notices required by KRS 242.040, but after an examination of the evidence we are convinced that a fair construction of it sustains the following statement of fact.

With the exception of seven precincts the notices required by the statute were posted in strict conformity therewith. In six of these seven precincts the notices were posted between twelve o'clock midnight and one A. M. on September 17, 1946. In the other precinct they were posted on the afternoon of the 17th. September 16th was the last day for the posting of these notices.

There were 10,983 votes cast in all fifty-four precincts, and 1,389 cast in the seven precincts referred to, which represents about 13% of the total vote in the county. The final count was 6,304 for prohibition and 4,669 against, a majority of 1,635 in favor of prohibition.

On October 22, 1946, this contest proceeding was instituted. Upon submission the circuit court dismissed the petition and sustained the validity of the election.

On this appeal only two grounds are urged for reversal: 1. The failure of the sheriff to post notices of the election in each precinct for two weeks before the election, as directed by KRS 242.040. And 2. The failure of the county court to enter an order on its order book noting the filing of the petition for the election.

We will consider the second ground first. In support of this contention appellant relies on Wilson v. Hines, 99 Ky. 221, 35 S. W. 627, 628, 37 S. W. 148, and Hardigree v. White, 266 Ky. 648, 99 S. W. 2d 785. The Wilson case construed the local option act of 1892 and held that the failure of the county judge to make* an order showing that the petition seeking the election had been received and filed was fatal. Apparently no order

was ever entered in that case. It seems that the order was entered calling the election, but did not show that the petition had been received and filed. In the Hardigree case the Wilson case was referred to and approved, but it also appears that in the latter case no order was ever made in the order book noting the filing of the petition.

We have a different situation here because the record shows that the order calling the election and filing the petition was entered on August 26, 1946, which was the first day of the next regular term of the county court held after the petition for election was filed.

In Harris v. Cannon, 304 Ky. 3, 199 S. W. 2d 429, one of the grounds of contest was that the petition requesting the election was never made a matter of record by proper order of the county court. In that case the petition was presented to the county judge on February 25th, and on the same day filed with the county court clerk. On March 11th, which was the next county court day, the clerk entered an order calling the election. This order was not signed manually by the county judge until June 20th, more than one month after the election, and after the contest had been filed. In this case we reviewed both the Wilson and the Hardigree cases and construed KRS 242.020 to be not mandatory, and that the required order may be entered at a later term if it is done in time to amount to a substantial compliance with the statute. Under the authority of this case we must reject this contention of the appellant.

Consideration of the other point requires us to first consider the pleadings. Paragraph three of the original petition alleged as a ground of contest that the sheriff, by oversight or mistake, failed to advertise the election as required by the statute. After the contest period had expired the contestant filed an amended petition alleging that since the filing of the original petition the sheriff filed in the county court clerk's office a return showing that the notices required by KRS 242.040 were published in strict conformity therewith, but that this return was fraudulently made and obtained by or on behalf of the contestee through the fraud of the parties benefited, or by mistake or oversight of the official making the return. KRS 61.060. A demurrer was filed to the petition as

amended but was not acted on until after all proof had been taken and the case finally submitted for judgment, at which time it was sustained, presumably upon the authority of Jackson v. Bolt, 292 Ky. 503, 166 S. W. 2d 831.

The evidence indicates that this return of the sheriff was handed to the county judge on the 18th of September 1946, but that it was not filed in the county court clerk's office until some time between the 25th and 30th of that month. If this be true the return of the sheriff was filed before the contest proceeding was instituted, and the original petition was demurrable. However, the ruling on the demurrer should have been controlled by the allegations of the pleading to which it was directed, and not based upon the proof. A demurrer to paragraph three of the original petition should have been overruled unless it was shown that the sheriff's return concerning the posting and publication had been made. See Hawkins v. Walton, 271 Ky. 487, 112 S. W. 2d 661. If the demurrer was directed to the petition as amended the allegation in the amendment that the sheriff's return was filed after the contest proceeding was instituted would compel the court to overrule the demurrer, since the amendment attacked the validity of the sheriff's return, in accordance with KRS 61.060. See Jackson v. Bolt, supra, and the authorities cited therein.

When it was made to appear that the sheriff's return showed a strict compliance with the statute in regard to posting the notices, the allegations of the original petition were defective, but an amendment curing such defect may be filed, even though such amendment is offered after the contest period has expired. See Widick v. Ralston, 303 Ky. 373, 197 S. W. 2d 261, 198 S. W. 2d 56, and Clark v. Robinson, 159 Ky. 25, 166 S. W. 801. This conclusion compels us to consider this ground of contest on its merits.

Under the statement of facts hereinabove made we have concluded that there was a substantial compliance with the statute in regard to the posting of the notices in the various precincts, but the exact question before us is whether that statute is mandatory or directory. If directory, a substantial compliance is sufficient. If mandatory, it must be strictly complied with.

In Cassady v. Jewell, 268 Ky. 643, 105 S. W. 2d 810, we held that a failure to publish the notices required by the statute in five precincts of Martin County was a fatal defect. In Wolfe County Liquor Dispensary Ass'n v. Ingram, 272 Ky. 38, 113 S. W. 2d 839, it appeared that the notices required by the statute were properly posted but that a copy of the order calling the election was not published in a newspaper at least two weeks before the date set for the election. We held the election void and used language indicating that the statute is mandatory as to the proper publication of an order calling the election. In Pendley v. Butler County Fiscal Court, 229 Ky. 45, 16 S. W. 2d 500, a special election on a bond issue was involved. The applicable statute required the election to be advertised in a newspaper at least thirty days before the date of election. It was advertised for a period of only twenty-seven days, and the court held the election void. In Douthitt v. Board of Trustees of Newcastle, 239 Ky. 751, 40 S. W. 2d 335, the statute required the notices of election to be posted at least two weeks prior to the date set for the election. It appeared that the notices were posted eleven days before the election, and we held this to be fatal. We might refer to other cases but these appear to be the strongest in favor of appellant.

It will be noted that in each case referred to there was either no compliance or else the compliance in its entirety was had at a date later than the time fixed by the statute.

In Gollar v. City of Louisville, 187 Ky. 448, 219 S. W. 421, proper advertisement of an election concerning a bond issue had not been given. There we recognized that nothing short of a substantial compliance with the statute would be sufficient, but upheld the validity of the election because it appeared from the record that the election was brought to the notice of the voters by publicity carried on by various clubs, the board of trade, and other civic and welfare organizations, all of which published notices in the newspapers from time to time. In that opinion we recognized that the objective sought by publication of notices of an election is to bring the election to the attention of the people and that a method which substantially accomplishes this purpose is sufficient.

In Sparkman v. Saylor, 180 Ky. 263, 202 S. W. 649, the successful candidate did not file his pre-election expense statement until after the time fixed by the statute, but we held that a substantial compliance with this statute was sufficient, and that a pre-election expense account may be filed at any time before the election. This ruling was based squarely on the ground that the provision of the statute fixing the time is directory and that the statute is mandatory only as to the doing of the act.

In 18 Am. Jur., section 110, page 248, it is said:

"It is equally clear in the case of special elections wherein the necessity for notice is so much more urgent that the rule as to compliance with statutory requirements in the giving of notice should be much more strictly enforced. Considerable liberality is, however, allowed even in these elections and it is a rule of pronounced authority that the particular form and manner pointed out by a statute for giving notice is not essential, provided, however, there has been a substantial compliance with statutory provisions. Following this rule, it has been held that where the great body of the electors has actual notice of the time and place of holding the election and of the questions submitted, the requirement as to notice is satisfied."

It was shown by the record in this case that more people voted in the local option election than had voted in the presidential election of 1944 and that more votes were cast than had been cast in any election since 1943. It was also proven that printed circulars advertising the election, and urging people to vote, had been widely distributed in the county.

We have concluded that KRS 242.040 is mandatory as to the publication and posting of the notices of an election, but that the provision concerning the time of such posting and publication is directory only, and that a substantial compliance therewith is sufficient.

We feel that there was a substantial compliance here, and it follows that the judgment below is correct and it is affirmed.