**Erie C. PELFREY, Individually, etc., Appellant,**

**v.**

**BOARD OF EDUCATION OF JACKSON INDEPENDENT SCHOOL DISTRICT et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 3, 1954.

———◆———

Allie Y. Watkins, Jackson, for appellant.

James S. Hogg and Kash C. Williams, Jackson, for appellees.

CAMMACK, Justice.

This action was instituted in the Breathitt Circuit Court on May 21, 1954, to test the validity of an election held on November 3, 1953, which submitted to the voters of the Jackson Independent School District of Breathitt County the following question:

"Are you for or against levying in Jackson Independent School District, each year for twenty (20) years, a special school building fund tax in addition to the maximum school tax levy as provided by law, at the rate of 50 cents on each $100.00 of property subject to school taxation in said District, the proceeds thereof to be used for the purchase or lease of school sites and buildings, for the erection and complete equipping of new school buildings, for the major alteration, enlargement and complete equipping of existing buildings, for the purpose of retiring, directly or through rental payments, school

building revenue bonds issued for such school building improvements, and for the purpose of financing any program for the acquisition, improvements, or building of schools?"

The Board of Education of the Jackson Independent School District adopted a resolution on July 6, 1953, requesting the Fiscal Court of Breathitt County to adopt a resolution submitting to the voters of the School District the question set out above. On October 14, 1953, the Fiscal Court adopted a resolution calling a special school tax election to be held on November 3, 1953. The resolution also ordered that notice of the election be posted in 10 different public places in the School District, and that the notice be published in the local newspaper until the date of the election. However, these orders were not complied with.

The official tabulation of votes cast in the election showed 432 votes were cast for and 195 against the special tax levy.

The lower court adjudged that the proceedings followed by the Board of Education and the Fiscal Court were in accordance with law; that the election was valid; and the Fiscal Court of Breathitt County was authorized to levy the tax.

It is contended by the appellants that the election was invalid because the notice required by KRS 160.477(1) (b) was not given. The statute requires only that reasonable notice of the election be given.

It is admitted that an editorial appeared in The Jackson Times on October 22, 1953, discussing the proposed tax, and in the same issue of the paper an advertisement appeared which urged the adoption of the tax. On October 29, 1953, this same newspaper published a sample of the ballot to be used in the election. Furthermore, for several weeks prior to the election there was a systematic campaign, in which the P. T. A. took an active part, to apprise the voters in the District of the importance of the question to be decided. Finally, just prior to the election, the entire student body of the Jackson School, accompanied by the school band, paraded through the School District carrying placards urging the approval of the tax levy. The evidence shows also that in the most hotly contested local race 645 ballots were cast in the precincts comprising the School District, while 627 persons voted on the special tax levy.

The statute in question in this case requires only that reasonable notice of the election be given. The purpose of the Legislature in requiring notice of the ordinances or resolutions calling elections on special tax levies is to afford the voters ample opportunity to become informed on the question to be voted on. If that opportunity has been furnished and the purpose of the statute accomplished, the election should not be invalidated by a strict and narrow construction of the statute. Queenan v. City of Louisville, 313 Ky. 816, 233 S.W.2d 1010. We are of the opinion that reasonable notice of the election in question, within the meaning of the statute, was given to the voters and that they had ample opportunity to inform themselves on the question voted on. However, we would like to point out that, while the election received sufficient notoriety in this case despite the failure of the School Board to give it proper publicity, the safer practice would be to comply with the orders of the Fiscal Court.

Judgment affirmed.