KENTON COUNTY, Kentucky, et al.,
Appellants,

v.

George J. ANKENBAUER, Appellee.

Court of Appeals of Kentucky.

Sept. 28, 1956.

James R. McGarry, Charles E. Dunn, Covington, for appellants.

John R. Blakely, Covington, Blakely, Moore & Blakely, Ware & Ware, Covington, of counsel, for appellee.

CULLEN, Commissioner.

In a taxpayer's suit, a declaration was sought as to the validity of an election in Kenton County at which the voters, by a majority of 11,090 to 5,633, approved the issuance of $1,000,000 in bonds for road and bridge purposes. Judgment was entered declaring the election valid, and the county and its fiscal court have appealed.

The statute governing elections of this character is KRS 178.170, which, among other things, contains directions as to the method of advertising the election and the form of the question to be submitted on the ballots. The issues raised on this appeal concern the form of the question and the method of advertising.

In accordance with the statute, the *county court* entered an order calling the election and stating the form of the question to be submitted, in the form prescribed by the statute. For some reason unknown to us, the *fiscal court* also adopted a resolution designating a form for submission of the question, which added to the statutory form certain details as to the annual amortization payments and maximum interest rate. The question was placed on the ballots in the form designated in the resolution of the fiscal court.

■ The lower court held that the added details were mere surplusage and that they not only did not invalidate the election but they would not be binding upon the fiscal court in issuing the bonds. We readily agree that the adding of the details as to amortization and interest rate did not invalidate the election, but we believe the court erred in adjudging that these details had no binding effect on the fiscal court. In City of Louisville v. Kesselring, Ky., 257 S.W.2d 599, it was held that the inclusion of a detailed schedule of maturities in an ordinance submitting a certain bond issue question to the voters was not required, but where the ordinance did in fact include such a schedule the city governing body could not subsequently make a material variation from the schedule. It is our opinion that the fiscal court must be controlled by the form of the question submitted, to the extent that the fiscal court cannot make a variation therefrom that will materially affect the taxpayers. In this respect the judgment is erroneous.

■ There is some contention concerning the form of the newspaper notices of the election, and of the handbills, but no substantial deficiency has been pointed out and we concur in the finding of the lower court that the form was proper.

■ The most difficult question concerns the *period* of publication of the newspaper notices. The statute, KRS 178.170, directs that the notices be published "for at least thirty days next before the election". Where there is a daily newspaper, this means *every day* for thirty days, excluding Sundays. O'Hara v. City of South Fort Mitchell, Ky., 290 S.W.2d 455. The election in question was held on August 6, 1955. The official notices signed by the sheriff were published only on June 30, July 1, and July 2. Thus it is apparent that the *official* notices did not comply with the statute. However, the lower court held that there was adequate notice in fact by reason of widespread publicity through news stories, editorials, paid newspaper advertisements, radio and television coverage, billboards, postcards, parades, and similar activities.

In Gollar v. City of Louisville, 187 Ky. 448, 219 S.W. 421, and in Queenan v. City of Louisville, 313 Ky. 816, 233 S.W.2d 1010, bond issue elections were held valid, notwithstanding the insufficiency of the formal notices required by statute, where there was such widespread publicity through newspapers, radio and other media as to leave no doubt but that the voters were well informed of the election and of the issue to be voted upon. See also Hall v. Sturgill, 305 Ky. 445, 204 S.W.2d 496.

On the other hand, in Ashcraft v. Estill County, Ky., 290 S.W.2d 31, where there was no daily newspaper and the official notices were published only twice, both times more than thirty days before the election, it was held that *news articles* in the weekly newspaper did not supply the deficiency in the official notices.

The record in the case before us shows that during the two weeks immediately preceding the election no less than 21 full-page advertisements concerning the proposed bond issue were published in daily newspapers having general circulation in Kenton County. All of the major metropolitan papers carried the advertisements several times, and there were some 23 additional smaller, but prominent advertisements in the local newspapers. During the month immediately preceding the election there were 70 news stories and 13 editorials on the subject. In addition there were spot radio advertisements. Also 55,000 postcards calling attention to the issue were mailed to the voters, and 20,000 handbills were distributed. Large signs advertising the election were posted on 32 billboards throughout the county.

■ We think it is apparent that the *purpose* of the statute in requiring newspaper publication of notice of the election was more than fulfilled by the publicity in this case. Also, it well may be considered that the paid newspaper advertisements, although not formally caused to be published by the sheriff, constituted substantial compliance with the statutory requirement that the sheriff cause the election to be advertised.

■ As stated in Queenan v. City of Louisville, 313 Ky. 816, 233 S.W.2d 1010, we must exercise common sense in the interpretation of the statute, and if the voters have been afforded ample opportunity to become informed on the question to be submitted and the purpose of the statute has been accomplished, the election should not be invalidated by a strict and narrow construction of the statute.

■ We do not withdraw from the position stated in Ashcraft v. Estill County, Ky., 290 S.W.2d 31, that mere news articles cannot be accepted as a substitute for the official notice required by law, but we have here a series of paid newspaper advertisements that for all practical purposes fulfilled the requirements of the statute, plus such a deluge of publicity that the voters could not have escaped being informed of the election.

Another significant factor is that the number of votes cast on the bond question compared favorably with the number cast for political offices at the election, thus showing that the voters were informed of the election on the bond question. See Ligon v. Beeny, Ky., 258 S.W.2d 454.

We hold that the election was valid. However, we deem it appropriate to say that we can see no reason why the public officials of Kenton County should have had such difficulty in complying literally with this simple statute.

To the extent that the judgment holds that the fiscal court is not controlled by the form of the question actually submitted, it is reversed, with directions to enter judgment in conformity with this opinion; in all other respects the judgment is affirmed.

STEWART, J., dissenting.