John Tom **TAYLOR** et al., doing business as
Taylor Motor Company, Appellants,

v.

John **PARKER** et al., doing business as
Parker Motors, et al., Appellees.

Court of Appeals of Kentucky.

May 10, 1957.

Robert O. Miller, Murray, for appellants.

Wells Overbey, Murray, for appellees.

CLAY, Commissioner.

After having received bids, the Calloway County Board of Education awarded a contract to the Taylor Motor Company for the purchase of three school busses. An unsuccessful bidder, Parker Motors, brought action to invalidate the contract, on the ground that the board had not "advertised" for bids as required by statute. The circuit court entered judgment invali-

dating the contract, and the Taylor Motor Company has appealed.

The statute, KRS 162.070, requires that a school board "shall advertise for bids" on the purchase of supplies or equipment costing more than $250. Instead of making a newspaper advertisement, the Calloway County Board of Education mailed specifications and invitations to bid to six of the seven automobile dealers in Calloway County. These six were selected because they previously had registered with the Division of Purchases of the State Department of Finance, under KRS 42.070, as being interested in the sale of automotive equipment to the state. The lower court held that the mailing of specifications and invitations to bid did not constitute "advertising," and did not meet the requirements of the statute.

We agree that the mailing did not constitute advertising. However, we think there was a substantial accomplishment of the purpose of the statute. The object of advertising for bids is to bring notice to the persons who might reasonably be expected to be interested in furnishing the desired item, and thus to insure fully competitive bidding. Here, all persons in the community who had indicated a desire to furnish automotive equipment to a governmental agency were given notice and opportunity to bid. We think this was equally, if not more, effective than would have been the publication of an obscure notice in the local newspaper.

Comparison may be had with those cases in which statutory notice of a public election was not published, but the voters were adequately informed of the election by radio, television, newspaper articles, paid advertisements, billboards, etc. See Kenton County v. Ankenbauer, Ky., 293 S.W. 2d 873; Queenan v. City of Louisville, 313 Ky. 816, 233 S.W.2d 1010.

This opinion is not to be interpreted as authority for the proposition that in every case mailed invitations to bid may be substituted for public advertising. Our holding is only that under the particular facts here presented, there was a substantial accomplishment of the purpose of the statute.

The judgment is reversed, with directions to enter judgment in accordance with this opinion.

MONTGOMERY, Judge.

I dissent because I cannot agree with the construction given KRS 162.070 insofar as "advertise" is interpreted to mean "invite", which is the effect of the majority opinion.

It is agreed that the invitation to bid did not constitute an advertisement for bids. It seems to me that the object of the statute in requiring advertisement is dual— to give notice to the persons who might be interested in bidding and to inform the public generally as to such transactions.

The latter purpose is in the interest of good and honest government; otherwise, the so-called substantial compliance countenanced in this case might be used as a sanction or approval of invitations to bid to fewer persons which ultimately might be limited to a favored few.

The word "advertise" in the statute means to give the public notice by publication in a newspaper or other medium of dissemination of information to the general public of the invitation to bid. The healthy air of publicity is a great preventive for the stench that too often arises when only a few persons are invited to bid, without notice to the public.

BIRD, J., joins in this dissent.