**J. R. STAGG, sued individually and as a representative of all classes of persons consisting of all of the citizens and taxpayers owning taxable property within the boundaries of Danville Independent School District, Appellant,**

**v.**

**BOARD OF EDUCATION OF DANVILLE INDEPENDENT SCHOOL DISTRICT, et al., Appellees.**

Court of Appeals of Kentucky.

June 21, 1957.

James G. Sheehan, Jr., Danville, for appellant.

James F. Clay, P. Joe Clarke, Danville, C. W. Grafton, Louisville, for appellees.

CULLEN, Commissioner.

In a representative taxpayers' suit against the Board of Education of the Danville Independent School District and the Boyle County Fiscal Court, one J. R. Stagg questioned the validity of a school building fund tax election held in the Danville Independent School District. The court held the election valid, and Stagg has appealed.

The election was held on March 9, 1957. Prior thereto, at an election held in No-

vember 1950, the voters of the school district had approved the levy of an annual building fund tax of 50 cents per $100 of assessed valuation, for a period of 25 years. It developed that this tax would not be sufficient to finance the planned building program, so a decision was made to submit to the voters the question of extending the tax for an additional five years. This is the question that was voted on at the election of March 9, 1957. The extension of the tax was approved by an overwhelming majority.

The appellant contends that the governing statute, KRS 160.477, does not authorize an election to extend a tax previously voted. He further contends that to permit this procedure would result in placing an undue burden upon persons who opposed the tax, by subjecting them to the expense and trouble of multiple elections.

The statute does not prescribe any time limit on a voted building fund tax, and this Court has held that the tax may be voted for an unlimited period. See Fendley v. Board of Education of Oldham County School District, Ky., 240 S.W.2d 837; Hopson v. Board of Education of Louisville, Ky., 280 S.W.2d 489. However, the voters may fix a time limit. See Folks v. Barren County, 313 Ky. 515, 232 S.W.2d 1010. Where the voters have fixed a time limit, we do not find in the statute itself any indication of an expression of policy against a subsequent vote to extend the limit.

The question seems to become one of general public policy concerning the frequency of elections on public questions. With respect to some types of elections, there is a constitutional or statutory requirement of a time interval between elections. For example, a defeated constitutional amendment cannot be again submitted within five years. Section 256, Kentucky Constitution. A three-year interval is required between local option elections, KRS 242.030(5), and a five-year interval

between city annexation elections, KRS 81.270(2).

■ Here, the interval was almost seven years. Without deciding whether some minimum interval should be required, we have no hesitancy in holding that the election here did not violate any policy with respect to frequency of elections. Under a former similar statute, where the voters had approved a tax in a specified amount at an election held in February 1913, it was held that another election could be held in October of the same year for the purpose of increasing the amount of the tax. See Christopher v. Robinson, 164 Ky. 262, 175 S.W. 387.

The appellant further maintains that the election was invalid because of lack of proper notice. The statute, KRS 160.477, provides that "reasonable notice of the election shall be given." The order of the fiscal court calling the election, for March 9, directed that notice be published in the local newspaper on February 26, March 1, March 5, and March 7, and that notice be posted at designated public places in the school district not later than February 21. Actually, the official notice was published in the newspaper only on March 1 and March 7, and was not posted at all. However, large quarter-page advertisements (paid for by the school board) were carried in the newspaper for six consecutive days, from March 3 through March 8, and 2,000 handbills were distributed throughout the district. Public meetings for discussion of the question were held under sponsorship of the P.T.A., and there was some radio publicity.

■ Under the decisions in Pelfrey v. Board of Education of Jackson Independent School District, Ky., 273 S.W.2d 353; Kenton County v. Ankenbauer, Ky., 293 S.W.2d 873, and Queenan v. City of Louisville, 313 Ky. 816, 293 S.W.2d 1010, we cannot say that the lack of strict compliance with the notice requirements as specified by the fiscal court was such as to invali-

date the election. It appears that as an actual fact, reasonable notice was received by the voters. However, we again say, as we did in the Pelfrey case, that the safer practice would be to comply with the order of the fiscal court.

The judgment is affirmed.