Edgar **PHILLIPS** et al., Appellants,

v.

The **CITY OF FLORENCE**, Boone County, Kentucky, a City of the Sixth Class, Appellee.

Court of Appeals of Kentucky.

July 11, 1958.

Joseph C. Healy, Covington, for appellants.

Charles E. Niblack, Florence, for appellee.

STEWART, Judge.

This action initially sought in the Boone Circuit Court to invalidate a resolution passed on February 12, 1957, by the City of Florence, a sixth-class city, which proposed the improvement of Drexel Avenue with concrete pavement in that city. Later, by an amended complaint the action also asked that an ordinance adopted by the City of Florence on May 10, 1955, proposing to annex certain territory northeast of the city limits be declared void. The sole contention is that newspaper publications of the resolution and the ordinance were defective to the extent that these two legislative acts of the City of Florence were void. Drexel Avenue is located in the annexed territory mentioned, and plaintiffs below who are appellants here, fifteen in number, are owners of or have an interest in property located on this avenue.

The case was submitted on the pleadings and exhibits, and the lower court entered judgment for the City of Florence on its amended motion for summary judgment.

The resolution proposing the construction of the pavement directed that a copy of it "be published in at least one issue of The Northern Kentucky News, Flor-

ence, Kentucky, at least thirty days before the passage of the ordinance ordering the improvement" of Drexel Avenue. KRS 94.292(2), which relates to the power of cities of the second through the sixth class to order the type of improvement in question provides: " \* \* \* The resolution shall be published in at least one issue of a newspaper of general circulation in the city, at least thirty days before the passage of the ordinance."

The City of Florence caused the resolution to be advertised on February 15 and February 22, 1957, in The Northern Kentucky News, and on March 11, 1957, before the expiration of the 30-day period, this suit was entered attacking the resolution on the ground that the city failed to publish it *continuously* for a period of thirty days in a newspaper of general circulation. It is contended The Northern Kentucky News, a weekly newspaper which is printed in Florence, did not qualify for the advertisement of the resolution for the reason that the notice of the paving project should have been inserted in a *daily* newspaper, particularly in The Kentucky Post, a daily newspaper with a circulation of approximately 800 to 900 subscribers in the City of Florence.

The record reveals that The Kentucky Post is published daily in Covington, Kenton County, Kentucky, and has the largest circulation in the City of Florence. In addition to The Kentucky Post, there are two other daily newspapers of lesser distribution circulated in the City of Florence, namely, The Kentucky Times-Star and the Kentucky edition of The Cincinnati Enquirer, both of which are published outside the City of Florence and which, in fact, are printed in Cincinnati, Ohio.

■ As regards the two arguments advanced, namely, that the resolution should have been published continuously and that it should have been inserted in a newspaper of daily circulation, it is our view the statute under consideration does not

demand either of these conditions. From the language employed, it is quite clear the Legislature intended only one advertisement should be sufficient so long as it appears in the newspaper thirty days prior to the passage date of the ordinance. The city published the resolution twice and this action fully met the statutory requirement.

The statute does not indicate whether a daily or weekly newspaper of general circulation shall be used for advertising the notice. Nor does it state that such publication shall be placed in a local or out-of-town newspaper. We have held that, if there be only a weekly newspaper published in a city, as is the case here, the statute is satisfied by having the notice run in the weekly issue. Ashcraft v. Estill County, Ky., 290 S.W.2d 31,

■■ It should also be emphasized that the three daily newspapers circulated within the city emanate from outside the city. Although the notice provision is silent as to whether the advertisement should be placed in a newspaper published in the city or in one published outside the city, we conclude in a case such as this that it is generally preferable, if no restriction is otherwise imposed, to use the home-town newspaper in instances where the law requires newspaper publication of certain matters by a city. Certainly, under the facts presented in this case, the manner in which the resolution was advertised did not run counter to the provisions of KRS 94.292(2).

After the city on March 24, 1957, entered its answer to the complaint, appellants filed on April 1, 1957, an amended complaint which in substance averred that, pursuant to a proposal ordinance dated May 10, 1955, the City of Florence thereafter annexed the property of appellants and that the proceedings should be set aside because of the alleged failure to comply with the provisions of KRS 81.-240(1) as to the advertisement of the proposal ordinance of the city to annex.

The pertinent portion of KRS 81.240(1) as to giving notice by a sixth-class city of its intention to annex territory reads: "Any city of the sixth class may annex any territory to the city * * * in the same manner and under the same procedure as is provided in KRS 81.100 and 81.110 for annexation of unincorporated territory * * * by cities of the first class, with the following exceptions: (1) If there is no daily paper published in the city, the ordinance proposing the annexation * * * of territory shall be published in at least four issues of a weekly paper published in and having the largest circulation in the city * * *."

The City of Florence published the ordinance in The Northern Kentucky News in the issues of May 13, May 20, May 27 and June 3 of 1955. This publication, as we have noted, is a weekly newspaper printed and circulated in the City of Florence.

Appellants argue that in all annexation proceedings a city of the sixth class must proceed under KRS 81.100 if there is a daily newspaper published in the city. KRS 81.100 provides in part: "The ordinance shall be published in at least ten issues of the daily paper published in and having the largest circulation in the city." Appellants contend The Kentucky Post is *published* in the City of Florence because it is a daily newspaper of general circulation within that city and because it is the newspaper with the largest subscription list therein. Appellee urges that it was mandatory for the ordinance to be published in The Northern Kentucky News since at the time of advertising the ordinance this was the only newspaper published in the City of Florence.

Thus a question is raised as to the construction of the word "published" as it relates to the word "circulation". The distinction between the two words was pointed out in Wolfe County Liquor Dispensary Ass'n v. Ingram, 272 Ky. 38, 113 S.W.2d 839, 842. The statute under consideration in the Wolfe County case required the certified court order calling for a local option election to be "published in a weekly or daily newspaper published in the county for at least two weeks before the election." The gist of this Court's holding in that case was that a newspaper is "published" in the place from which it emanates for "circulation". The general sense applied to the term "published" in the Wolfe County case governs the meaning to be attached to the same term here. This being true the ordinance in question could have been published only in The Northern Kentucky News in order to be in full compliance with the statute. This having been done, the advertisement of the ordinance was properly performed.

It is our opinion the lower court correctly decided both the publication issues involved in this appeal.

Wherefore, the judgment is affirmed.