Charles **CHUMLEY, Rusty Kautz, Rev. Frank Fultz, Herman Brown, Harold White, Jack Fraley, and A. D. Coleman, Appellants,**

v.

May **WILLIAMS, Chester Kiser, Jean W. Bailey, Jack Carter, Richard Lewis, Edward Farris, John Crimmins, Steve O'Connor, Annabelle Moore, Jerry Howell, Gary Wientjes, Kenneth J. Smith, Donald Battson, and Patrick J. Serey, Appellees.**

Court of Appeals of Kentucky.

July 16, 1982.

As Modified Aug. 6, 1982.

Discretionary Review Denied Sept. 14, 1982.

█

William D. Kirkland, Frankfort, for appellants.

George Rabe, Lexington, Harvey Pennington, County Atty., Morehead, Catherine Staib, Alcoholic Beverage Control Bd., Frankfort, for appellees.

Before COOPER, McDONALD and VANCE, JJ.

COOPER, Judge.

This appeal is from a judgment upholding the result in a local option election held on April 24, 1982, in which certain precincts in the City of Morehead voted to legalize the sale of alcoholic beverages. This action was based on the failure to properly advertise the local option election as required by KRS 242.040. The appellants are qualified voters who are opposed to the legalized sale of alcoholic beverages. The sole issue presented is whether the trial court erred in holding the election valid, notwithstanding the admitted failure to properly advertise the election. Kentucky law requires that a special election be advertised by the methods mandated by statute. In that there was no compliance with the statute, we reverse.

Local option elections with respect to the sale of alcoholic beverages are controlled by KRS Chapter 242. When presented with a proper petition, the county judge/executive may order a local option election at times other than that normally set for primary or general elections. The advertisement of such elections is governed by KRS 242.040, which is as follows:

242.040. Advertisement of election.— Within five (5) days after the county

judge/executive orders an election, the county clerk shall give to the sheriff a certified copy of the order. The sheriff shall have the order published pursuant to KRS chapter 424 in the county. When the election is ordered for the entire county, the sheriff shall also advertise the order by written or printed handbills posted at not less than five (5) conspicuous places in each precinct of the county for two (2) weeks before the election, and, when the election is ordered held in a city, district or precinct, at five (5) conspicuous places in each precinct therein for the same length of time. The sheriff shall report in writing to the county judge/executive that the notices have been published and posted (2554c–5: amend. Acts 1966, ch. 239, § 173; 1978, ch. 384, § 376, effective June 17, 1978).

The statute clearly requires that the election be advertised in two ways: (1) the sheriff is required to publish the order of the election in newspapers in accordance with KRS 424; and (2) the sheriff is required to post handbills. It was stipulated by the parties in the trial court that the sheriff failed to post any handbills. It must be emphasized that this is not a case where the Court is required to pass upon the adequacy of the sheriff's performance. This case is one of total failure through lack of awareness of the sheriff to perform his duty under the statute.

■ It must also be emphasized that this statute requires both types of publication. The sheriff does not have discretion in choosing the method of advertisement; therefore, KRS 424.190, which abolished alternatives to newspaper publication when a statute so permits, is not applicable. It is *mandatory* that an election be advertised by the method required in the applicable statute. *Cassady v. Jewell*, 268 Ky. 643, 105 S.W.2d 810 (1937); *Hall v. Sturgill*, 305 Ky. 445, 204 S.W.2d 496 (1947); *Wolfe County Liquor Dispensary Association v. Ingram*, 272 Ky. 38, 113 S.W.2d 839 (1938).

In *Cassady, supra,* general and special demurrers to a local option election contest were sustained by the trial court. One ground of contest was that the sheriff failed to post the required handbill notices. In reversing the trial court, that Court held that the failure to post the notices was one of two fatal irregularities in the calling and advertising of the election. The Court stated at p. 812:

The petition goes further and explicitly alleges that in five named precincts of the county no notices at all were posted. A failure to give official notice of a special election such as this, at least in substantial compliance with the statute, is such an omission in procedure as to require the setting aside of the election. [Citations omitted]. We are of opinion that an entire failure to post such notices in five precincts of a county must be regarded as a fatal omission, hence that this paragraph of the petition stated a ground of contest.

In *Wolfe County Liquor, supra,* that Court reversed a judgment upholding a local option election for failure to comply with § 2554(c)–5 of Carroll's Kentucky Statutes, 1936 (the predecessor to KRS 242.-040). Then, as now, the statute required both newspaper advertisement and posting of handbills. In that case, the posting occurred, but newspaper advertisement did not. The Court held that the statute was mandatory and failure to advertise by both methods was *fatal* to the validity of the election.

■ Here, the trial court acknowledged the existence of the rule set out above, but avoided its application on the grounds that the purpose of the statute had been fulfilled by the extensive publicity that the impending election received which resulted in the voters being adequately informed. In so doing, the trial court relied on three cases: *Queenan v. City of Louisville*, 313 Ky. 816, 233 S.W.2d 1010 (1950); *Kenton County v. Ankenbauer*, Ky., 293 S.W.2d 873 (1956); and *Gollar v. City of Louisville*, 187 Ky. 448, 219 S.W. 421 (1920). All three cases upheld bond issue elections using the standard of substantial compliance. However, each case is distinguishable from the instant case as in each of those cases, some attempt was made to advertise the election as required

by statute. Such cases indicate that the advertisement of a special election must occur in the method prescribed by statute, if applicable. If the appropriate authority attempts to comply, but the compliance is in some way defective, then the doctrine of substantial compliance may be used to uphold the validity of the election. This applies only if the official's attempted compliance, together with other publicity, were sufficient to notify the voters of the pending election. However, where an official makes no effort to comply with the statute, that failure is fatal and the doctrine of substantial compliance cannot be utilized.

This position is best set out in *Hall, supra.* In that case, the evidence indicated that the required handbills were not posted in seven of the precincts until September 17, although the last day for the posting of the notices was September 16. Based upon other publicity and the number of voter turnout for the election, that Court found substantial compliance with the statute. That opinion reviews many of the cases set out above and reached the following conclusion:

> We have concluded that KRS 242.040 is mandatory as to the publication and posting of the notices of an election, but that the provision concerning the time of such posting and publication is directory only, and that a substantial compliance therewith is sufficient. *Id.* at p. 450, 204 S.W.2d 496.

The appellees cite *Stagg v. Board of Education of D. I. S. Dist.,* Ky., 303 S.W.2d 313 (1957), in which an election relating to a tax issue was held valid on the theory of substantial compliance despite the fact that no notices of election were posted. The opinion in that case indicates, however, that the statute did not require the posting of notices but only that reasonable notice of the election be given.

■ Our government is separated by our constitution into three branches, each with specified powers and duties, and each must respect the powers granted to the other. It is within the legislative power granted to the General Assembly to authorize local option elections and to prescribe the manner in which they must be held and advertised.

■ To hold an election valid when there has been a total failure to comply with a specific requirement of the General Assembly as to notice is simply to hold for naught a specific direction of the legislative authority. Upon the same basis, we could dispense with the requirement of other forms of notice required by the statute if there were a finding that the public was generally well aware of the election. Such a holding would result in the abrogation of the power of the General Assembly. It would substitute, therefore, a finding by a court that reasonable notice of the election had been given.

The wisdom of particular legislation is solely within the province of the General Assembly. When it has seen fit to require a particular form of notice in local option elections, it is not the court's prerogative to completely ignore the requirement upon the ground that another form of notice used is equally as good or better than that designated by the legislature.

Under the authority of *Cassady, supra; Hall, supra;* and *Wolfe County Liquor, supra;* the judgment of the Rowan Circuit Court is reversed, with directions that it enter a new judgment in conformity with this opinion.

All concur.