### Lancaster, et al. v. Hamon, et al.

(Decided May 9, 1913.)

#### Appeal from Scott Circuit Court.

1. Intoxicating Liquors—Local Option Election—Notice of Election—Posting by Sheriff—Construction of Statute.—In a contest over a local option election, it is not a valid objection that the sheriff did not have the notices of the election posted within seven days after he received the order of the county court where the notices were posted on the 30th of November, and duly published on the first day of December before the holding of the election on the 25th day of January following, in a newspaper that day circulated.

2. Intoxicating Liquors—Notice of Election.—That part of section 2555, Kentucky Statutes, with reference to the posting of the notices in seven days after the order is received by the sheriff, was evidently inserted so that if the sheriff or other ministerial officer did not perform that duty within seven days, he might thereafter be compelled to do so in time to hold the election.

3. Intoxicating Liquors—Notice of Election.—It could not have been the purpose of the legislature to give to a ministerial officer the right to thwart the will of the majority of the people of a community by merely failing or refusing to do that which the law requires of him.

4. Statutes—When Not Held Mandatory.—Such provisions in statutes relating to elections are never held to be mandatory unless they effect the real merits of the controversy.

5. Notice.—The notice complained of was given for a mucn longer time than required, and there is no pretense that it was not given in the manner prescribed.

6. Intoxicating Liquors—Time of Holding Election—Sale of Liquor Pending Contest—Construction of Statutes.—The provision of section 2563, Kentucky Statutes, that the election shall not be held oftener than three years, has no application where the sale of liquor continued pending a former contest. The section does not take into account, and could have no reference to any sale of liquor that may have been permitted pending a contest over a former election.

JAMES BRADLEY, LLEWELLYN F. SINCLAIR for appellants.

JAMES B. FINNELL, JR., WM. S. KELLY for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

Prior to the 24th of July, 1908, in the city of Georgetown, a city of the fourth class, spirituous, vinous and malt liquors were sold by license.

On that day a local option election was held in the city, resulting in a very close vote; an extended contest was had, and on the 6th of October, 1910, it was decided by this court (Cole v. Nunnelly, 140 Ky., 138) that a majority of the legal votes were against the sale; and since that time, or shortly thereafter, when the proper orders were made in the lower court, the sale of liquors in that city has been forbidden by law.

In October, 1911, an application was made in due form to the county court by the requisite number of voters in each of the precincts in the city of Georgetown for the submission of the question to the voters whether the prohibition against the sale of liquors therein should become inoperative.

The petition was duly laid over until the succeeding November term of the Scott County Court, which came on the 20th day of November, at which time an election was properly called for the 25th of January, 1912.

On the 23rd day of November, 1911, the county clerk of Scott County delivered to the sheriff of that county a certified copy of the orders of the county court calling the election, and on the 30th day of November the sheriff caused to be posted up in various parts of the city printed notices of the election; and on the morning of the first of December, 1911, notice of the election was duly published in a newspaper that day circulated. The

election resulted in 551 votes in favor of the prohibition becoming inoperative, and 38 votes against it.

This contest was instituted by appellees to test the validity of that election. The contest board and the circuit court held that it was invalid.

While several grounds of contest were given before the contest board, there are only two relied upon in this court:

(1) Because the sheriff did not have the notices of the election posted up within seven days after he received the order of the county court.

(2) Because the election was held within three years of the time that the prohibition *actually went into effect* under the former election, the sale of liquors having continued pending the contest; although the election was actually held more than three years after the prior election.

Section 2555 of the Kentucky Statutes is a part of the present local option law, and so far as it applies to the first question involved is as follows, to-wit:

"It shall be the duty of the county clerk to give to the sheriff of the county, or such officer as may be appointed to hold said election, a certified copy of the order of the county court as it appears on the order book within five days after said order is made; and it shall be the duty of said sheriff, or other officer, to have said order published in some weekly or daily paper published in the county for at least two weeks before the election, and also to advertise the same by printed or written handbills posted at some conspicuous place in each precinct in the county, for the same length of time, when the election is held for the entire county; and when the election is ordered to be held only in a city, town, district or precinct of any county, then at five conspicuous places therein for the same length of time; and in any case, if there is no weekly or daily newspaper published in the county, or the proprietor of such newspaper refuses to publish such notice, the printed or written handbills, posted as before provided for, shall be sufficient notice. The sheriff, or other officer, shall have the advertisement and notices herein provided for posted as herein required within seven days after he receives the order of the county court."

The determination of the first question must depend upon whether or not the last sentence of the statute quoted is mandatory or merely directory. This section of the statute only requires that such an election shall

be advertised in the manner prescribed for at least two weeks before the election, and clearly no election could be upheld where any advertisement was for a less time, or in a different manner from that specifically set forth in the statute. But after fixing the length of time which it is to be advertised, and the manner thereof, the additional sentence last quoted evidently was inserted so that if the sheriff, or other ministerial officer, did not perform that duty within the seven days, he might thereafter be compelled to do so in time to hold the election. It could not have been the purpose of the legislature to give to a ministerial officer the right to thwart the will of a majority of the people of a community by merely failing or refusing to do that which the law requires of him.

To hold that last provision mandatory would be to say that the sheriff might at his discretion prevent the holding of a local option election in any city or town in this State by merely failing or refusing within the seven days to give the notice. Such provisions in statutes relating to elections are never held to be mandatory unless they affect the real merits of the controversy. The vital thing which that statute requires is to advertise the election *for a given time, and in a prescribed manner,* and any material departure from that we would certainly hold as invalidating the election; but the notice was given for a much longer time than required, and there is no pretense that it was not given in the manner prescribed.

Cyc, vol. 15, page 318, title Elections, says:

"The courts in order to give effect to the will of the majority, and to prevent a disfranchisement of legal voters, have quite uniformly held that these provisions which are not essential to a fair election are merely formal and directory."

Again, in 36 Cyc, 1158, title Statutes, says:

"When a particular provision of a statute relates to some immaterial matter, as to which compliance with the statute is a matter of convenience rather than substance, or where the directions of a statute are given merely with a view to the proper, orderly and prompt conduct of business, the provision may generally be regarded as directory."

McCreary on elections, section 225, puts the rule thus:

"But if, as in most cases, that statute simply provides that certain acts or things shall be done within a particular time or in a particular manner, and does not

declare that their performance is essential to the validity of the election, then they will be regarded as mandatory if they do, and directory if they do not affect the actual merits of the election."

Manifestly it was not essential to the holding of a fair and equal election that the sheriff should have within seven days after receiving the county court orders caused the election to be advertised, when, as a matter of fact, he did cause it to be advertised for the length of time, and in the manner prescribed by the statute.

The failure to comply with immaterial or non-essential requirements in an election statute, when such failure does not affect the merits of the election, will not be permitted to disfranchise the electorate. Any other rule would sacrifice substance to form, and invite contests in all kinds of elections upon ultra-technical grounds.

Section 2563, Kentucky Statutes, is a part of the local option law and reads as follows:

"The election or elections herein provided for shall not be held for any (county) city, town, district or precinct oftener than once in every three years."

The contention of appellees that because pending the former contest the sale of liquor was continued in the city of Georgetown up to a period within three years of the last election, that this section should apply, cannot be upheld. The section is clear and explicit in its language, and does not take into account, and could have no reference to any sale of liquor that may have been permitted pending a contest over a former election.

To hold that such sales pending the contest should be considered in estimating the time between elections of this kind, would be to encourage flimsy and unnecessary contests, and offer an inducement to have them long drawn out.

For the reasons indicated the judgment is reversed, with directions to enter a judgment in the circuit court in conformity herewith; and to direct the proper boards or tribunals to enter a judgment conforming to this opinion.