## Meagher v. Commonwealth ex rel. Unemployment Compensation Commission.

June 20, 1947.

W. B. Ardery, Judge.

290

William H. Crutcher, Jr., for appellant.

Clayton Smoot for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—
Affirming.

This is a suit brought by the Commonwealth on relation of the Unemployment Compensation Commission against a citizen and taxpayer for a declaration of rights as to the validity of proceedings initiated by the Commission to construct an office building in Frankfort. By order of the Circuit Court, defendant Meagher was authorized to defend this action on his behalf and on behalf of all other citizens and taxpayers in Kentucky. Defendant filed a general demurrer to the petition, which was overruled. Thereafter on final submission of the case, the lower Court adjudged that the acts of the Commission were authorized by a valid statute and were therefore legal. Defendant appeals.

The principal object of this suit is to test the constitutionality of Chapter 228, Acts of 1946, entitled "An Act relating to the Kentucky Unemployment Compensation Commission," appearing in the Kentucky Revised Statutes as Sections 341.630 to 341.680. On this appeal neither party calls attention to any constitutional provision which might be violated by the Act, and it has been necessary for us to conjure up possible objections.

The petition alleges in substance that the Commission now has inadequate office space and that a need exists to acquire an adequate office building. The Commission has purchased a tract of land in the City of Frankfort on which it proposes to locate said building. It has employed architects to prepare plans and specifications. To pay for part of the cost of such building, which is estimated at $600,000, it proposes to use a fund of approximately $327,000 which it has accumulated in its Administration Fund provided for in Section 341.290, Kentucky Revised Statutes. The balance of the cost is to be raised by the issuance of revenue bonds, for the

sale of which it has entered into a contract with Louisville brokers.

The allegations of the petition indicate that the Commission is proceeding in accordance with the provisions of Chapter 228, Acts of 1946, Sections 341.630 to 341.680, Kentucky Revised Statutes. This Act provides in substance: The Commission is authorized and empowered to (1) acquire a building site and erect an office building theron, (2) apply funds accumulated as of June 30, 1946 in the Administration Fund to the purchase price thereof, and (3) borrow money and issue negotiable bonds to defray the balance of the cost thereof, which bonds may bear interest at a rate not exceeding 6 per cent and shall be payable within a period of forty years.

The statute further provides that the bonds above referred to shall be negotiable instruments and shall not be subject to taxation. They shall be sold at public sale after advertising. They shall not constitute an indebtedness of the Commission or the Commonwealth of Kentucky. The principal and interest on these bonds are to be paid out of (1) the accumulations of the Administration Fund after July 1, 1946, and (2) moneys received from agencies of the Federal Government which are specified to be used as rent by the Commission. Both of these funds are pledged for such payments. A statutory mortgage lien in favor of the bondholders is created upon the building and appurtenances to be constructed.

It is our conclusion that the proceedings of the Commission, heretofore taken and proposed, comply with the statute above discussed, and that such statute is constitutional. Insofar as the Act is concerned:

1. The title is sufficient under Section 51 of the Constitution.

2. The use of money in the Administration Fund for the purchase of an office building does not constitute a diversion of taxes for an improper purpose under Section 180.

3. The bonds to be issued will not constitute a debt against the Commonwealth within the meaning of Sections 49 and 50, as the statute expressly so provides.

4. The Commonwealth is not giving, pledging or loaning its credit under Section 177, as the Commonwealth could in no way be liable for the payment of principal or interest on these bonds.

5. The mortgaging of the building and appurtenances, which will become State property, is not the pledging of credit under Section 177, and has been recognized by this Court as a valid provision of a self-liquidating plan. Hughes v. State Board of Health, et al., 260 Ky. 228, 234, 84 S. W. 2d 52.

6. The provision that the bonds shall be exempt from taxation does not violate Sections 170 or 171 of the Constitution, since these bonds are issued by an instrumentality of the State and in this respect may be considered bonds ''of the state,'' which are specifically exempt under Section 171. Klein et al. v. City of Louisville et al., 224 Ky. 624, 6 S. W. 2d 1104. Similar exemptions have been sustained under Section 170 in Spahn et al. v. Stewart et al., 268 Ky. 97, 112, 103 S. W. 2d 651, and Estes v. State Highway Commission et al., 235 Ky. 86, 94, 29 S. W. 2d 583.

We have considered other sections of the Constitution which we do not find applicable or violated by the provisions of this Act. For a discussion of possible constitutional objections which may be raised to laws providing for the issuance of similar revenue bonds, see the cases above cited, and Morgan et al. v. Fayette County Board of Education et al., 294 Ky. 597, 172 S. W. 2d 64.

The judgment of the lower Court recognized the validity of the statute in question and the legality of the acts of the Commission, and said judgment is affirmed.