## Buren et al. v. Brown et al.

May 17, 1949.

S. H. Monarch for appellant.

James Watts for appellee.

OPINION OF THE COURT BY JUDGE HELM—Affirming.

This is an appeal from a judgment entered in the Meade circuit court by Hon. T. C. Carroll, Special Judge, in which the validity of a local option election in the Ashcraft precinct of Meade County was upheld.

On January 6, 1949, appellants filed their petition in the Meade circuit court, asking that the election held in the Ashcraft precinct on December 11, 1948, be declared void and of no effect. On January 26, 1949, appellees filed a general demurrer to the petition. On January 31, 1949, this case was set for hearing on February 4, 1949. On the same day appellees had a subpoena issued for twelve witnesses to appear before the court on February 4, 1949, to testify in their behalf. On February 1 appellants had a subpoena issued for twenty-eight witnesses and on February 3, 1949, had subpoenas issued for three additional witnesses to appear before the court on February 4, 1949, to testify in their behalf. On February 4, 1949, appellants had a subpoena issued for one additional witness to testify in their behalf on February 5, 1949.

On February 4, 1949, appellees filed their answer, a general denial.

On February 4 and 5, appellants introduced twenty-nine witnesses in their behalf. The petition does not disclose the number of votes cast. Judge Carroll delivered an opinion, in the course of which he said: "It has been agreed by the parties that * * * 257 voters at the election voted 'yes' or in favor of the sale of alcoholic liquors, and that * * * 275 voters voted 'no' or against the sale of alcoholic liquors in Ashcraft precinct. It is further agreed that the majority for the 'no' or dry vote as certified to by the election commission is 18 votes in favor of 'no' or dry."

After considering the questioned votes, the opinion continues: "The dry majority being * * * 22 and the questioned vote left as to the legality or illegality being

only * * * 18 regardless of the legality or illegality of the remaining votes not disclosed herein, the dries would have a majority of at last three.''

Further the court continues: ''It develops from the proof that several of these 18 voters, the legality of whose vote has not been passed upon, live in Midway Village, and that these voters have for years been voting in the Ashcraft precinct and have not voted in any other precinct. The court is of the opinion that the votes of these voters were cast in absolute good faith. As to how they voted there is no record.''

The court then concludes: ''It is the rule in all elections to uphold an election unless there is very definite proof of illegal votes or fraud, and this court is unwilling to adjudge that any of those voters who lived at Midway were illegal voters, although, if it were so adjudged, it would not affect the outcome of this election. It is the opinion of the court that the petition be dismissed and the election held valid.''

In his judgment the court says that this action was set for trial on February 4 on oral evidence; that the issue having been joined by the pleadings, the testimony of the witnesses for the appellants was started on February 4, 1949, but all of the witnesses were not heard that day; that ''the court met pursuant to adjournment on February 5, 1949, and the testimony of the witnesses for the plaintiffs was completed, and the case for plaintiffs was closed. At the conclusion of the evidence for plaintiffs, counsel for defendants asked that the petition be dismissed * * * and the court being advised * * * finds that the election held in Ashcraft precinct of Meade County, Kentucky, held on the 11th day of December, 1948, was and is a valid and legal election.''

Appellants in their brief say that they ''are not in position to contend that the judgment of the court is erroneous based upon the evidence adduced by them on the trial of this action.'' Appellants ask for a reversal, assigning two errors of the trial court: (1) The court erred to the prejudice of appellants in setting this case for trial on February 4, that being twenty-one days after the service of summons upon the appellees and not thirty days, as provided by KRS 122.080 (2), over the objection of appellants; and (2) the court erred

to the prejudice of appellants in setting this case for oral hearing over their objection.

The bill of exceptions discloses that the plaintiffs by counsel "objected to the order heretofore entered, setting this action for an oral hearing on this date (February 4, 1949) and moved the court to set aside the said order * * * which objections and motion of the plaintiffs were overruled by the court, to which the plaintiffs excepted." The bill of exceptions also discloses that "at the conclusion of their testimony, the plaintiffs rested their case; whereupon counsel for defendants moved the court to enter an order dismissing plaintiffs' petition. The court being advised sustained defendants' motion."

The record does not disclose that appellants requested any further time in which to introduce any other witnesses or testimony.

KRS 242.120 provides:

"Any qualified voter may demand a recount of the ballots or contest the election in the same manner as is provided for the recount of ballots or contest of general elections of county officers by KRS 122.070 to 122.100."

KRS 122.080 provides:

"(1) A contest instituted under KRS 122.070 shall proceed as equity actions. Upon return of the summons properly executed to the office of the circuit clerk, he shall immediately docket the case and notify the presiding judge of the court that the contest has been filed. The judge shall proceed to a trial of the cause without delay. * * * The court may be convened at any time, irrespective of the regular term, for the purpose of trying the case or any proceeding therein and shall complete the same as soon as practicable. The action shall have precedence over all other cases.

"(2) The evidence in chief for the contestant shall be completed within thirty days after service of summons."

It appears from the record that the trial judge proceeded in accordance with the above statutes.

So far as the record discloses, appellants introduced

all of the witnesses they desired, closed their proof and rested their case on February 5. The record does not disclose in any way that they requested any additional time to introduce further proof. If they had requested further time within the thirty days allowed for taking proof, the court probably would have given them additional time; but no such request for additional time was made.

The statute provides that contestants shall complete their evidence in chief within thirty days after service of summons, that contestees shall complete their evidence within twenty-five days after filing answer and that contestants shall have seven days for rebuttal evidence after contestees have concluded their evidence. Here the contestees elected not to introduce any evidence, so contestants were not entitled to introduce any rebuttal evidence. Contestants had concluded their testimony in chief and had rested. Clearly the court proceeded in accordance with the statutes above quoted. See Johnson v. May, 307 Ky. 309, 211 S. W. 2d 135.

The Civil Code of Practice, section 552, provides:

"The court may in any equitable action before the proof has (been) taken order that the evidence be heard by the judge in the same manner as testimony is introduced in ordinary actions, in which event the parties may have the evidence taken and transcribed as in ordinary actions."

The usual, and perhaps better, practice in contest cases, if the court has time, is to hear the testimony of the witnesses orally in open court as in ordinary actions.

The judgment of the circuit court is affirmed.