## McMullin et al. v. Richmond City Council et al.

January 31, 1950.

Rehearing denied April 7, 1950.

W. J. Baxter, Judge.

,Stanley Powell for appellants.

Bullitt, Dawson & Tarrant, John E. Tarrant, Earl S. Wilson, Ross, Ross & Bayer, George T. Ross, J. J. Greenleaf and George S. Robbins for appellees.

VAN SANT, COMMISSIONER—Affirming.

Appellants, citizens of the City of Richmond, filed this action to enjoin the Alcoholic Beverage Control Board and the City Council of Richmond from issuing licenses, for the sale of alcoholic beverages to the appellees, Paul Noland, Blane Clark, and Harry Ritter, on the ground that Chapter 47, Acts of 1948, creating KRS 242.125, amending KRS 242.030 and 242.050, and repealing KRS 242.210, contravenes both the Kentucky and Federal Constitutions. The Trial Court sustained the separate demurrers to the petition as amended and, upon appellants' failure to plead further, rendered judgment for the defendants.

On September 17, 1946, a Local Option Election was held for Madison County, as a result of which the sale

of alcoholic beverages therein was prohibited. On September 25, 1948, the City of Richmond, a city of the fourth class, acting pursuant to KRS 242.125, held a Local Option Election, in which a majority of the voters cast their ballots in favor of allowing the sale of alcoholic beverages within the City. Appellees, Noland, Clark, and Ritter applied to the Alcoholic Beverage Control Board and the Richmond City Council for licenses to sell alcoholic beverages in the City of Richmond.

Appellants specifically ask that the recent case of May et al. v. Drake, 309 Ky. 819, 219 S. W. 2d 31, in which this Court upheld the validity of the Act in question, be overruled. In asking this, appellants make four contentions: (1) By permitting a city of the first four classes to annul the vote of the entire county in favor of prohibition, KRS 242.125 violates section 61 of the Constitution of Kentucky, by rendering meaningless the term "county" as used therein, because it prevents the county, as a whole, from determining for itself either that prohibition shall prevail or that it shall not prevail. (2) The repeal of section 242.210 of Kentucky Revised Statutes violates section 60 of the Constitution, which forbids the indirect enactment of a special or local act by repeal in part of a general act, or by exempting from the operation of a general act any city, town, district, or county. (3) The statute is local or special legislation and thereby violates sections 59, 60, and 61 of the Constitution of Kentucky by arbitrarily classifying counties and cities. (4) The classification made in the Statute violates the "equal protection" clause of the Fourteenth Amendment to the Constitution of the United States.

Section 61 of the Constitution directs the Legislature to provide means for ascertaining the sense of the people of any county, city, town, district, or precinct as to whether or not spirituous, vinous, or malt liquors shall be sold, bartered, or loaned therein, or the sale thereof regulated. This section guarantees to no one of the particular units mentioned the final say in the matter but rather leaves to legislative determination the method to be adopted for the reconciliation of conflicting wills in respect to the subject matter. As was pointed out in the case of Board of Trustees, Town of Newcastle v. Scott, 125 Ky. 545, 101 S. W. 944, the county at large at one time was given supreme authority to pro-

hibit throughout its territorial limits, and, in the absence of county wide prohibition, local units were privileged to prohibit within their own territorial limits. At other times local units have been authorized by the legislature to grant or prohibit irrespective of the will of the larger unit. Thus the legislature has exercised the right to provide the means for the determination of the question under specific authority and mandate of section 61 of the Constitution. We cannot perceive that the exercise of such authority can be held to violate the section of the Constitution which specifically authorizes such action to be taken.

Both the second and third contentions of the appellants must stand or fall on whether the Act is general or special legislation. In May et al. v. Drake, 309 Ky. 819, 219 S. W. 2d 31, supra, we decided that the classification therein made was reasonable. We are not inclined to accept the invitation to overrule that decision; on the contrary, we are convinced of its soundness, and adhere to it. In further support of it, we call attention to the probable fact that the legislature had in mind the adequacy of police facilities provided in cities of the first four classes to deal with the liquor traffic problem. In this connection, such cities are required under KRS 241.160 to 241.200 to appoint a City Alcoholic Beverage Control Administrator, who is clothed with police powers and charged with specific duties with reference to the enforcement of laws relating to alcoholic beverages. The existence of more adequate policing facilities in the first four classes of cities over the other two would be a substantial reason, if no other existed, for permitting cities of the first four classes to determine, irrespective of the county vote, the desirability or undesirability of adopting prohibition in such cities. No one with intellectual honesty can maintain the position that "prohibition" fully accomplishes its purpose, though honest minds may differ as to whether adequately supervised legal sale or "prohibition" offers the better method of abating the evils attendant on the intemperate use of intoxicating liquors. Apparently the legislature was and is of the opinion that the citizens of cities having, or which should have, adequate forces for supervising licensed premises should be privileged to determine for themselves which method should be adopted in their local community. We therefore con-

cluded the classification is reasonable in relation to the subject matter, and since no discrimination had been made between members of the same class, it follows that the statute in question is not special legislation. Mannini v. McFarland et al., 294 Ky. 837, 172 S. W. 2d 631.

The contention that the statute violates the "equal protection" clause of the Fourteenth Amendment to the Constitution of the United States is equally untenable. As we have seen, the classification is reasonable and the statute provides for no discrimination between members of the same class. Where such conditions exist, there can be no violation of the equal protection clause of the Federal Constitution. Jones v. Russell, 224 Ky. 390, 6 S. W. 2d 460; Fischer v. Grieb, 272 Ky. 166, 113 S. W. 2d 1139, 12 Am. Jur., section 478, page 144.

The judgment is affirmed.